ADRIENNE C. PUBLICOVER (SBN 161432)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:  (415) 433-0990
Facsimile:  (415) 434-1370

Attorneys for Defendants
LIFE INSURANCE COMPANY
OF NORTH AMERICA,
SONY ELECTRONICS, INC.
LONG TERM DISABILITY PLAN and
SONY ELECTRONICS INC. EMPLOYEE
TERM LIFE INSURANCE COVERAGE PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LESLIE INANCHY,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; SONY ELECTRONICS, INC. LONG TERM DISABILITY PLAN; SONY ELECTRONICS INC. EMPLOYEE TERM LIFE INSURANCE COVERAGE PLAN,<br><br>    Defendants. | Case No.:   CV07-05636 JF<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Honorable Jeremy Fogel<br><br>Filing Date  :    November 6, 2007 |

    Defendants Life Insurance Company of North America ("LINA"), Sony Electronics, Inc. Long Term Disability Plan, and Sony Electronics Inc. Employee Term Life Insurance Coverage Plan (collectively "Defendants") hereby answer Plaintiff Leslie Inanchy's ("Plaintiff") complaint for breach of employee benefit plan and complaint for benefits ("the Complaint") as follows:

---

1
**DEFENDANTS' ANSWER TO COMPLAINT**
USDC NDCA Case #CV07-05636 JF
318921.1

1. Answering the allegations in paragraph 1 of the Complaint, Defendants admit the allegations in paragraph 1 of the Complaint.

2. Answering the allegations in paragraph 2 of the Complaint, Defendants admit that the terms, conditions, limitations, and restrictions stated in the LTD Plan and the Life Plan speak for themselves and must be read in their entirety. Except as so admitted, Defendants deny the allegations in paragraph 2 of the Complaint.

3. Answering the allegations in paragraph 3 of the Complaint, Defendants admit that Plaintiff was, in the past, an employee of SONY and a participant in the Plans. Defendants deny that Plaintiff currently is an employee of SONY. Defendants further deny that plaintiff currently is a participant in the Plans and has not been a participant in the Plans since his claim for benefits, that is the subject of this matter, was denied by LINA.

4. Answering the allegations in paragraph 4 of the Complaint, Defendants admit that Plaintiff submitted claimsfor benefits under the LTD Plan and the Life Plan ("the Claim"). Except as so admitted, Defendants deny the allegations in paragraph 4 of the Complaint.

5. Answering the allegations in paragraph 5 of the Complaint, Defendants admit that the terms, conditions, limitations, and restrictions stated in the LTD Plan and the Life Plan speak for themselves and must be read in their entirety. Except as so admitted, Defendants deny the allegations in paragraph 5 of the Complaint.

6. Answering the allegations in paragraph 6 of the Complaint, Defendants admit that LINA denied benefits to Plaintiff under both Plans on the basis set forth in the documentation contained in the file that pertains to the Plaintiff's claim for benefits that is the subject of this matter ("the Claim File"). Except as so admitted, Defendants deny the allegations in paragraph 6 of the Complaint.

7. Answering the allegations in paragraph 7 of the Complaint, Defendants admit that Plaintiff appealed the denial of benefits to the LTD Plan and the Life Plan. Defendants further admit that the Claim File contains an October 4, 2007 letter from LINA to Plaintiff. The letter

speaks for itself and must be read in its entirety. Except as so admitted, Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

9. Defendants admit the allegations in the second paragraph 1 of the Complaint.

10. Answering the allegations in the second paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph 2 of the Complaint, and on this basis, deny said allegations.

11. Defendants deny the allegations in the second paragraph 3 of the Complaint.

12. Defendants deny the allegations in the second paragraph 4 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in the prayer of the Complaint.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendants allege that Plaintiff has failed to state a claim for relief against Defendants, and each of them.

2. As a second affirmative defense, Defendants allege that Plaintiff, under the terms of the Policy and under ERISA, is required to provide proof of disability. The Administrative Record in this matter, evaluated in its entirety, establishes that Plaintiff has not met this requirement.

3. As a third affirmative defense, Defendants deny that Plaintiff is entitled to benefits under the Policy. However, in the event that Plaintiff is found to be entitled to benefits under the Policy, Defendants allege that the amount owed to Plaintiff must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and or benefits specified in the Policy. This includes, but not limited to, benefits received from Social Security, California State Disability, Worker's Compensation, and or any other benefit specified in the Policy.

4. As a fourth affirmative defense, Defendants allege that Defendant Life Insurance of North America ("LINA"), as a claims administrator, is not a proper party to this action for benefits

1 | under ERISA.

2 |     5. As a fifth affirmative defense, Defendants allege that LINA, as the claim administrator, has discretion interpret the plan terms. Accordingly, the abuse of discretion standard applies in this action.

    6. As a sixth affirmative defense, Defendants allege that in the event that Plaintiff is entitled to benefits, he is only entitled to an award of back benefits. Any decision concerning his entitlement to benefits in the future must be made by the Claims Administrator, not the Court.

Date: January 4, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:     */s/ Adrienne C. Publicover*
ADRIENNE C. PUBLICOVER
Attorneys for Defendants
LIFE INSURANCE COMPANY OF NORTH AMERICA, SONY ELECTRONICS, INC. LONG TERM DISABILITY PLAN and SONY ELECTRONICS INC. EMPLOYEE TERM LIFE INSURANCE COVERAGE PLAN

---

4
**DEFENDANTS' ANSWER TO COMPLAINT**
USDC NDCA Case #CV07-05636 JF
318921.1

# CERTIFICATE OF SERVICE
*Leslie Inanchy v. Life Insurance Company of North America, et al.*
USDC NDCA Case #CV07-05636 JF

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**DEFENDANTS' ANSWER TO COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→   : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Melvyn D. Silver, Esq.
Ruth Silver Taube, Esq.
LAW OFFICES OF SILVER & TAUBE
23580 Mt. Charlie Road
Los Gatos, CA  95033
Tel:    (408) 353-1868
Fax:    (408) 353-2328

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **January 4, 2008**, at San Francisco, California.

_____
Nancy Li